GARY M. RESTAINO
United States Attorney
District of Arizona
KEVIN M. RAPP
Arizona State Bar No. 014249
Email: kevin.rapp@usdoj.gov
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-21-00264-PHX-JTT (DMF) |
|---|---|
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| vs. | **(Sentencing, January 27, 2022 at 3:30)** |
| James Theodore Polzin, | |
| Defendant. | |

**Introduction And Summary Of Sentence**

The United States asks the Court to (1) accept the terms of James Theodore Polzin's ("Polzin") plea agreement; (2) sentence Polzin to 70 months imprisonment; (3) order restitution in the total amount of $2,211,396.39; and (4) Order that Polzin shall pay a total of $2,211,596.39 in criminal monetary penalties, subject to immediate enforcement by the United States.

The above recommended sentence and terms fairly balances the serious nature of Polzin's offenses, his relative role in the offense, any positive attributes, and the public policy concerns listed in § 3553(a).

**I.     The Sentencing Guidelines Range and PSR Recommendation**

Polzin's PSR (Doc. 61) calculates a total offense level of 27 and a criminal history category of I, resulting in a Sentencing Guideline range of 70-87 months. In exchange for him promptly accepting the plea agreement, avoiding unnecessary hearings, trial

preparation, not challenging forfeiture of assets that would further tax the United States' time and investigative resources, the parties stipulated to a cap at the low end of the range. The United States' recommendation of a sentence of 70 months and the Presentence Report (PSR) are in accord.

### A. Defendant's Untimely Objections should be rejected

Polzin makes two untimely objections to the PSR.[1] *First*, he argues that the offense was not sophisticated to qualify for a two-level increase in the applicable guideline range pursuant to USSG § 2B1.1(b)(10)(C). This objection should be rejected for obvious reasons as Polzin's schemes had all the hallmarks of sophistication. Indeed, Polzin's scheme to fraudulently obtain both EIDL and PPP loans was the definition of sophistication.

First, he conducted a portion of the scheme overseas from Ukraine.[2] Second, he falsified numerous loan applications by misrepresenting the nature of the businesses, the number of employees, annual revenue, and created fictitious entities. Third, Polzin even funneled the proceeds from the fraudulently obtained loans to offshore accounts and engaged in other acts of money laundering. (PSR ¶ 24); *See United States v. Tanke,* 743 F.3d 1296, 1307 (9th Cir.2014) (noting that while the defendant did not use corporate shells or offshore financial accounts as mentioned in Application Note 9(B), the "sophisticated means" enhancement under § 2B1.1(b)(10)(C) was justified because he engaged in "dozens of various acts," including falsifying invoices and checks, to conceal payments); *United States v. Jennings,* 711 F.3d 1144,1145 (9th Cir. 2013) (upholding a "sophisticated means" enhancement for using a bank account with a deceptive name to conceal income and stating that conduct need not involve "highly complex schemes or exhibit exceptional brilliance" to warrant the enhancement); *see also United States v.*

---

[1] Polzin attempts to characterize his objections as a variance or downward departure when they are in reality objections to the PSR that should have been filed following the issuance of the draft PSR.

[2] Polzin could arguably receive an enhancement for conducting the scheme outside of the United States to avoid law enforcement. *See* USSG § 2B1.1(b)(10)(A)(B).

*Horob,* 735 F.3d 866, 872 (9th Cir. 2013) (per curiam) (affirming application of the "sophisticated means" enhancement under § 2B1.1(b)(10)(C), in part, because the defendant falsified documents and left a "complicated and fabricated" paper trail that made it hard to uncover his fraud).  In sum, this enhancement was properly applied.

Next, Polzin objects to the application of the use of specialized skill enhancement based on his background as a Certified Public Accountant pursuant to USSG § 3B1.3. (PSR ¶ 34)[3] Again, this "downward departure/variance" should be rejected. Polzin used his accounting background to fraudulently obtain loans for his clients. Without this specialized skill he would not have had the opportunity to submit false loan applications for clients where he obtained a substantial commission. (*See* PSR ¶ 25); *See United States v. Jaradat,* 512 F. App'x 612, 615–16  7th Cir.2013)(unpublished)(applying special skill enhancement when accountant used skills to provide phony tax documents in a way that avoided suspicion into her mortgage-fraud scheme); *United States v. Downing ,* 297 F.3d 52, 65 (2d Cir.2002)(applying special skill enhancement when accountants used  their  expertise  to issue false audit reports to help divert suspicion from their stock-manipulation scheme).

### B.   The Government's Sentencing Recommendation

In short, the government believes a sentence of 70 months sentence is sufficient but not greater than necessary to comply with the factors set forth in 18 U.S.C. § 3553(a).  The seriousness of Polzin's offenses that resulted in substantial losses to the taxpayers, the need for deterrence, and the need to avoid unwarranted sentencing disparities all weigh in favor of a sentence at the low end of the applicable guideline sentence.

As preliminary matter, Polzin is in a criminal history category I but that categorization is obviously incomplete given his year-long fraud. In addition, the fraud was sophisticated, deliberate and the loan proceeds were largely used for his own personal

---

[3] The commentary to §3B1.3 further explains that "'[s]pecial skill' refers to a skill not possessed by members of the general public and usually requiring substantial education, training or licensing. Examples would include pilots, lawyers, doctors, *accountants*, chemists, and demolition experts." *Application Note 2,* U.S.S.G. § 3B1.3 (1989) (emphasis added).

benefit to support an unsustainable lifestyle.

### C. The § 3553(a) Factors

The government believes a sentence of 70 months is sufficient to comply with the sentencing factors set forth in 18 U.S.C. § 3553(a). The recommended sentence balances any of Polzin's positive attributes with the seriousness of the offense and public policy concerns.

#### i. Polzin's History and Characteristics

As detailed in the PSR, for most of his adult life Polzin was law abiding until the age of 45. It is also worth noting, however, that unlike many of the criminals who come before this Court who began life with almost nothing, Polzin has enjoyed a number of advantages during his life. *(See* PSR, ¶s 50-54, 62-64; summarizing Polzin's education, family support and employment, etc.). Notwithstanding his advantages in life, Polzin engaged in a fraud that was, in the final analysis, avoidable.

#### ii. The Nature and Circumstances of the Offense

As detailed in the PSR, the fraud underlying Polzin's offense was serious and caused a significant loss to the taxpayers by fraudulently obtaining taxpayer funded loans during a national emergency. The CARES Act is a federal law enacted on March 29, 2020, designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic. Instead, Polzin used the money to finance a lavish lifestyle that included the purchase of a luxury vehicle (a Porsche) valued at $140,000, the purchase of a residence with loan proceeds that were also used to remodel, among other things.

The scheme required considerable deliberation. Again, not only was he methodical in his fraudulent actions (*e.g.*, altering loan applications, misrepresenting information, diverting loan proceeds to offshore accounts, etc.) he perpetuated the fraud by submitting false applications for accounting clients. ( PSR ¶ 25) Lastly, Polzin attempted to escape justice by fleeing the United States. He was arrested on his way to the airport where he had a one-way ticket to the Ukraine.

### iii. Public Policy Concerns

Protection of the public and specific deterrence are concerns in this case as Polzin's fraud was protracted and complex. If a similar opportunity to access loans presents itself, Polzin could commit another offense. General deterrence is also a consideration. The United States believes that, in light of the collateral consequences of a felony conviction, a prison sentence of 70 months will deter Polzin and others from committing similar crimes, as well as promote respect for the law and provide just punishment.

In short, Polzin will have a felony conviction on his record for the remainder of his life. Once released this will prevent him from working in many industries, obtaining loans, and will prohibit him from obtaining many types of professional licenses in the future. At a minimum, he will have to disclose his conviction when applying for employment, just as he will have to disclose it when attempting to get a loan, or in countless other situations. This is a significant consequence for Polzin (in his fifties when released) who will have limited professional opportunities as a convicted felon. Considering the totality of circumstances, a sentence of 70 months is appropriate.

## II. Conclusion

For the reasons set forth above, the government asks the Court to:

- Accept the terms of Polzin's plea agreement;
- Sentence Polzin to 70 months imprisonment, followed by three years of supervised release;
- Order restitution and criminal monetary penalties in the amount of $2,211,596.39.

Respectfully submitted this 21st day of January, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Kevin M. Rapp*
KEVIN M. RAPP
Assistant U.S. Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of January, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Marjorie Dieckman*
U.S. Attorney's Office